In Detinue for Slaves upon a Special Verd’t the Case is The Pits. Mother when she marr’d his Father Martin Palmer deced was possed of sev’l Slaves particularly one called Bridget [269] Palmer died before his Wife in 1717. & by his Will devised Bridget to the Pit. & other of s’d Slaves to his other Children & made his Wife & two others Extors. The Wife afterwards married the Deft. And in 1721. An Action of Detinue was bro’t in K. & Q. Court in the Name of the Pit. & his Brothers & Sisters by their next Friends Martin & Roger Palmer ag’t the Deft. & his then Wife as one of the Ex’rs of s’d Testor for Bridget & the other Slaves devised to them In which Action the gen’l Issuewas pleaded And upon Trial a Verdict given for the Defts. “Which Verdict is admitted to Record & the Suit dismissed with “ Costs & at the Defts. Motion the Pit. is ordered to pay them 15S. for an Attorneys Fee” These are the very Words of the Record. The Slaves in Question are the Children of Bridget born after the Death of the Pits. Father And the Pit. claims them under the Devise in his Fathers Will
It will not be made a Question I suppose but that Bridget & the other Slaves of the Pits. Mother vested in his Father upon the Marr between them The Act of 1727. explain’g that which declares them to be a real Estate has expressly settled the Law in this Point But then there is a Proviso in the Act in these Words. “ Provided that nothing in this Act contained shall be “ construed to change or alter the Property of any Slave or “ Slaves w’ch by the Judgm’t of the Gen’l Court or any County “ Court have been heretofore adjudged to belong to any P.son “ or P.sons whatsoever but such Judgment shall remain & for “ ever hereafter shall be deemed & taken to be valid & binding” Now in this Case the Deft, says there has been a Judgment viz. the Record in K & Q. Court found in the Verdict. The sole Question therefore is whether this Record be such a Judgm’t as within the Meaning & Intention of the Proviso af’d will bar the Pit. from claiming the Slaves in Question or from bringing this Suit
It may be necessary in the first Place to enquire into the Reason & Policy of this Proviso w’ch at first View seems a little hard as it gives a Sanction to Judgm’ts whether the De *B290 termination was right or wrong Before the Explanatory Act various Constructions were made of the old Act And as the Preamble expresses it contrary Judgments given particularly in this Point Whether a Womans Slaves vested in her Husband by the Marr It was thought necessary to settle the Law in this & other controverted Points But then as it might be a great Hardship upon Purchasors, introduce a great Revolution in Property, and be productive of numberless Law Suits if all the Judgments given for above 20 Years before contrary to this Explanation should be made void It was therefore provided that the Act should not extend to alter the Property of any Slave that by the Judgm’t of any Court had been adj’d to belong to any Pisón
This being as I apprehend the Reason & Policy of introducing [270] this Proviso it will follow I think pretty clearly that the Judgm’ts here intended are only such where it appears the Property of the Slaves have been adjudged by the Courts & w’ch are valid effectual & binding in the Law upon the Party ag’t whom the Judgm’t is given It will never be construed I presume that this Proviso intended to give a Sanction to Judgments that were void in themselves or not binding upon the Party ag’t whom they were pronounced
It was never intended to take away the Right of bringing a Writ of Error to reverse any Judgm’t of this Kind if there was other Cause for doing it than the adjudging the Property of the Slaves for instance if a Judgm’t was obtained by Fraud Or if an Infant had been sued & appeared by Attorney instead of Guardian w’ch is Error It can never I say be supposed to be the Intention of the Law makers to make such Judgments valid or to give a Sanction to them. But the Judgments intended by this Proviso are only such where it appears 1. that the Property'of the Slaves was adj’d to belong to some Person & that upon some controverted Point w’ch the Explanatory Act settles. 2. That such Judgm’t be valid in Law & binding upon the Party ag’t whom it is given And such as would be a good Bar to another Action
I will now beg Leave to examine the Reco. produced by the Text I have laid down And I believe it will appear to be dificient in both Instances viz. That it does not appear the Property of the Slaves was adj’d And that it is not valid or binding in Law Here is the Record (Read it)
*B291 This Record Sir is nothing more than a Relation or Account of a Trial that a Jury was sworn a Verdict for the Deft. & the Suit dismissed It is not sayed nor does it appear that the Court gave any Judgment at all much less that the Property of the Slaves was adj’d to be in the Deft. It was certainly a Matter of Law whether the Slaves vested in the Husband or not And if that was the Queon at this Trial w’ch I insist upon it does no Ways appear the Jury should have found a special Verdict Or at least the Court have directed them as to the Matter of Law There is nothing but a bare Presumption that this Point was at all in Question The Suit indeed is in the Name of Children & ag’t the Extor of the Husband but it does not follow that therefore this Point was in Question If Presumption is to weigh or prevai It ought to be made in Fav’r of the Court & Jury that they did their Duty w’ch they certainly did not at this Trial if it was left to the Jury to determine Whether the Slaves vested in the Plusband by the Marr It was a Matter of Law which the Court should have determined But [271] if we are to go upon Conjecture & Presumption I will beg leave to offer mine too. This Suit is to be sure as absurd a one as ever was brought It is an Action of Detinue by 4 Pits, who had separate Interests ag’t one Exor tho’ there were three who proved the Will to recover sev’l specifick Legacies devised to the Pits. This app’rs in the Decl. Now 1. the Pits, could not join 2. Detinue would not lie ag’t one Extor alone & 3. Neither would such an Action lie for a Legacy for the Legatee could have no Property but by Del'very of the Extor & the proper Remedy was in Chancery Now it is as reasonable to suppose that all or some of these Points were insisted on at the Trial & induced the Jury to give their Verdict as that they took upon them to determine whether the Slaves vested in the Husband If it be sayed these were Matters of Law The same Answ’r is given as to the Presumption they would make After all It is a new Way of arguing upon Records to make Suppositions & Presumptions of Things that do not appear The Rule of Law is “ Inter non existentia & non apparentia eadem est ratio.” There is no Difference between Things that do not appear & Things that are not If then it doos net appear that the Property of the Slaves was adjudged by the Court upon this Trial It must I conceive be taken for granted that it was not
Indeed there will be no End to making Presumptions The *B292 Jury might find as they did for Want of proper Evidence to prove the Property of the Slaves. Or that the Ex’rs had Debts to pay And then the Legatees had no Right to their Legacies In short Suppositions & Presumptions will multiply without End & therefore I hope they will be entirely rejected
But 2. the Record produced is really no Judgm’t Every Judgm’t is the Act of the Court and the Law has prescribed certain Forms to be observed in entring them up & which if not pursued the Judgm’t is ineffectual not binding in Law but maybe revers’d for Error Neither will it be any Bar to a second Action bro’t for the same Matter The Words Ideo consideratum est are essential to every Judgm’t And the Law is so nice & strict that no other Words tho’ of the same Import & Signification are suffic’t One Reason given & a good one is that it ought to appear that Judgment was given on due Cons. 1 Inst. 39. The very adding of other Words will make the Judgm’t erroneous 3 Danv. 56. pi. [sic.] 21. to 24. Now in the Record before us it is so far from being entered that it was considered that it is not so much as sayed to be ordered Except with Respect to the Lawyers Fee Nor any other Word to shew it was the Act of the Court So that this is really nothing more than an Account of a Trial but no Judgm’t at all
[272] Sho’d this Exception be overruled there is still another & a stronger remaining It is not entered .that the Pit. shall take nothing by his Bill These are Words so absolutely essential that without them the Judgm’t is of no Efficacy at all It cannot be pleaded in Bar to a second Action bro’t for the same Matter It may be reversed for Error. It is a known & settled Rule that every Judgm’t to be a good Bar to another Action must be a compleat Judgm’t in Law both as to the Matter & Manner As to the Matter it must appear that the very Right of the Cause was determined in the former Action As to the Manner It must be entered up in the Form the Law has prescribed Now these Words qd. Querens nil capiat is a Phrase of Art not to be supplied by any other Words & without which no Judgment can be a Bar to another Action Cro. Jac. 284. Leval a Ha . 1 Bro. 81. S. C. 2. Mod. 294. cited Holt-R. 552. Fr Holt And this Point I have known adjudged in this Court If then this is not such a Judgm’t as would bar the Pit. from bringing another Action in Case this Act had not been made I hope the Act will not be construed to give a Sanction to such Judgments which strictly *B293 speaking & in the Eye of the Law are really no Judgm’ts at all A 3 Objection to this Record called a Judgm’t is that it is ag’t Infants & so not final or conclusive upon them The Law is very tender & careful of the Rights of Infants So that no Act done during their Nonage to their Prejudice unless they have a Remedy over is binding upon them Upon this Reason it is there is a Difference where an Infant is Pit. & where he is Deft. Where he is Deft, he may be bound if he defends by Guardian & not else but never where he is Pit. When an Infant is sued a Guardian ought to be appointed by the Court to defend him And if he loses his Cause by his Mismanagem’t or Default the Common Law gives him an Action ag’t his Guardian to have a Recompence in Damages But where an Infant brings an Action Be it by prochein Amie or Guardian (for it may be by either) the Law gives him no Action at all in Case of any Neglect or Default to his Prejudice And therefore no Judgment given ag’t an Infant Pit. is binding & conclusive upon him In this last Case the Guardian or next Friend are not appointed by the Court but anyone who will thrust himself into the Office may be so for that Purpose.
I had Occasion in an Argument 2 or 3 Courts ago between Brooking & Dudley (ante 239) to shew the Difference between a Guardian & prochein Ami And that tho’ the Offices were often confounded they were really very widely different
[273] It seems however unnecessary at this Time to enter into that Point of Learning. It may suffice I hope to shew an Authority for the Difference I have taken where an Infant is Pit. & where Deft, w’ch if rightly understood will serve for an Answer to any Cases that may be produced to prove the Power & Authority of a Guardian And make it evident they only re ate to Case 5 where an Infant is Deft. Simpson a Jackson Pam. 295.
The Law in this is founded upon the highest Reason for how easie would it be by Covin & Collusion to juggle Infants out of their Rights if an Action brought in their Name by a pretended next Friend sho’d be final & conclusive upon them The Infant can have no Action or any other kind of Remedy It will be no Answer to say there is no Fraud appearing in this Case My Argum’t is gen’l that Judgm’ts ag’t Infant Pits, are not conclusive because there may be great Prejudice arising to Infants It is an Argum’t ab incovenienti which is suffic’t to prove a *B294 Thing unlawful It concerns all the Infants in the Country And I doubt not will be well considered
Tayloe Grymes Carter Robinson Digges Byrd Blair & the Governor for the Deft.
Lee Randolph & Custis for the Pit.
Thus Sir I hope this Record is no Bar at all to the Pits. Title to the Slaves in Question 1. It does not appear that the Property of the Slaves was at all adjudged or determined upon this Trial And the Proviso relied upon is express where the Property has been adjudged 2. Here is really no Judgment in the Eye of the Law Nor would this Record be any Bar to another Action for the same Matter And consequently can be none to this. 3. It is a Judgm’t (if it can be called so) ag’t an Infant & so not final or conclusive. For all these Reasons I conceive this Record is no Judgm’t within the Meaning & Intention of the Proviso & so I pray Judgm’t for the Pit.
Oct. 1738. Judgm’t was given for the Defend’t viz that the Record found was a good Judgm’t within the Proviso Which I own very much surprised me And the more as there was not one good Reason or Argument offered on the other Side But the Council for the Deft, seemed to be convinced that the Pit. ought not to be barred by the Record found.
[Note in a different hand. W. W. S.]
Q’re how this would be if the first Judgm’t should be reversed on a writ of error to be brought.